## LA TERZA v. LOWE, Deputy Com'r, et al.
### No. 7768.

District Court, E. D. New York.

May 21, 1936.

Bogart, Calise & Di Prima, of New York City, for plaintiff.

Leo J. Hickey, U. S. Atty., of Brooklyn, N.Y. (Clarence Wilson, Asst.U.S. Atty., of Brooklyn, N.Y., of counsel), for defendant Samuel S. Lowe.

Alexander, Ash & Jones, of New York City, for defendants Virginia Stevedoring Co. and American Lumbermens Mut. Casualty Co.

MOSCOWITZ, District Judge.

On October 19, 1933, the plaintiff filed a claim with the United States Employees' Compensation Commission under the Longshoremen's and Harbor Workers' Compensation Act (see 33 U.S.C.A. § 901 et seq.) for a disability and loss of wages alleged to have resulted from an accidental injury in the nature of a hernia which arose out of and in the course of his employment by the employer, Virginia Stevedoring Company. Defendants contested the claim, maintaining that plaintiff was not suffering from a hernia but that his condition was one known as a "saphenous varix." A dis-

puted question of fact was thereby presented, and the issue, specifically, was whether the plaintiff had sustained a hernia as a result of his accident. Hearings were duly held before the deputy commissioner, and the claim was disallowed under an order made by the deputy commissioner on June 19, 1934. No compensation was paid to plaintiff. Thereafter, and on November 21, 1934, he filed an application with the deputy commissioner for a reopening and review of the claim under the provisions of section 22 of the aforesaid act, as amended (33 U.S.C.A. § 922), upon the ground that there had been a mistake in a determination of fact by the deputy commissioner.

The application to reopen and review the claim herein referred to was denied by order of the deputy commissioner signed the 4th day of September, 1935, upon the ground of lack of jurisdiction. Plaintiff appeals from this order, which reads as follows:

"Such investigation in respect to the above entitled claim having been made as is considered necessary, and a hearing upon the application of the claimant to reopen the claim having been duly held in conformity with law, the Deputy Commissioner makes the following findings of fact:

"That on October 19, 1933, the claimant above named filed claim with the Deputy Commissioner of the United States Employees' Compensation Commission for the compensation prescribed by the Longshoremen's and Harbor Workers' Compensation Act in consequence of a disability and loss of wages alleged to have resulted from an accidental injury, in the nature of a hernia, which arose out of and in the course of his employment by the employer above named on September 25, 1933; that the employer and insurance carrier made no payment of compensation but controverted the claim on several grounds, chiefly on the question of the causal relation between the accident and the condition from which the claimant suffered; that pursuant to subdivision (h) of section 14 of the said act [33 U.S.C.A. § 914 (h)], the Deputy Commissioner held hearings upon the claim and caused such investigation to be made as seemed necessary to determine the rights of the parties; that on June 19, 1934, the Deputy Commissioner filed his Compensation Order rejecting the claim on the ground that claimant's condition was not the result of the alleged industrial acci-

dent; that on November 21, 1934, the claimant, who in the meantime had been operated upon for a hernia, filed application with the Deputy Commissioner for a re-opening and review of the claim under the provisions of Section 22 of the said Act, alleging a mistake in the determination of fact by the Deputy Commissioner; that upon the claimant's application, a hearing on the motion to re-open the claim was held on August 9, 1934.

"Upon the foregoing facts, it is ordered by the Deputy Commissioner that the application to re-open the claim be, and it is hereby denied for the following reason:

"Lack of Jurisdiction.

"The claimant, relying upon section 22, of the Longshoremen's and Harbor Workers' Compensation Act, as amended [33 U.S.C.A. § 922], urges that the Deputy Commissioner is clothed with authority to re-open and review the claim. The section relied upon provides as follows: 'Sec. 22. Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19 [section 919 of this chapter], and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the commission.'

"Seemingly by this section, jurisdiction of the Deputy Commissioner is extended to the period of one year from the date of the last payment of compensation. It makes no provision for extending the jurisdiction of cases in which there has been no payment and, therefore, a compensation order in such cases becomes final thirty days after it has been filed. A review of such cases is only possible through the injunctive procedure described by section 21 [33 U.S.C.A. § 921]. It may be, as the claimant contends, that this is an inequity and has the effect of affording to an employee only partially aggrieved greater benefits than are accorded to one wholly aggrieved, but since both have the possibility of relief by recourse to the courts, neither one can be said to be remediless.

"The intent of statutes may be considered when there is an ambiguity of language. One is not justified, however, in saying that ambiguous language has been used in section 22, above, and a careful scrutiny leaves a contrary impression. It may be observed that not only does the Section prescribe the type of case which may be reviewed, i. e., one in which some payment of compensation has been made, but it also prescribes what the Deputy Commissioner has the power to do after the review has been afforded. It says he may 'terminate, continue, reinstate, increase or decrease such compensation,' but, seemingly, with intent, refrains from the use of the word 'grant,' or its equivalent, which nowhere appears.

"If section 22, as amended, is capable of provoking inequities under certain conditions—and so it would appear—the remedy is by legislation. We must apply the statute as we find it and to do otherwise than as herein indicated, would be to legislate rather than to interpret."

The court cannot ignore the cogency of the reasons advanced by the deputy commissioner for denying the application to reopen the claim herein, and must conclude that there is nothing in the legislative expressions contained in section 22 of the aforesaid act which may serve to justify a holding that a deputy commissioner is conferred with authority to reopen and review a rejected claim in respect to which no payment of compensation was ever made. Section 22 of the said act (44 Stat. 1437) as it existed prior to the present amendment thereto conferred no such jurisdictional power upon the office of the deputy commissioner, and if Congress intended to extend the deputy commissioner's jurisdiction in this connection it would not have chosen language which so plainly indicates a negation of such intent. If the

omission to provide for such jurisdiction under the statute must lead to hardship in a particular case, the casus omissus is a defect in the statute which must be remedied by the Legislature alone. The judicial power does not include the performance of this function.

The bill of complaint is dismissed. Settle decree on notice.